# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

MARSHAUN BOYKIN (#R-54017),     )
      )
      PLAINTIFF,     )
      )    CASE NO. 16 CV 50160
     V.     )
      )
DIXON MENTAL HEALTH SERVICES, ET AL.,  )    JUDGE THOMAS M. DURKIN
      )
      DEFENDANTS.     )

## ORDER

Plaintiff's most recent "Notice to the Court" [R. 161], which the Court construes as a renewed request for attorney representation, is denied. Plaintiff must refrain from filing further "notices" other than change-of-address notifications. If Plaintiff seeks Court action of any kind, then he must file a motion for the relief sought (such as "motion for attorney representation").

## STATEMENT

Plaintiff Marshaun Boykin, an Illinois state prisoner, has brought this *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, IDOC correctional officials and health care providers, have violated his constitutional rights by acting with deliberate indifference to his medical and mental health needs. Plaintiff principally challenges his placement in Dixon's Psychiatric Unit. This matter is before the Court for consideration of Plaintiff's most recent "Notice to the Court."

Plaintiff asserts that "due to the altering of his mental capabilities effectuated by the psychotropic medication he takes" (R. 161 at p. 1), he is unable to respond to Defendants' interrogatories. He therefore seeks recruitment of counsel.

The Court construes Plaintiff's "notice" as a renewed request for attorney representation, but denies the motion. Although "[t]here is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). A *pro se* litigant's request for assistance is entitled to careful consideration. *Diggs v. Ghosh*, 850 F.3d 905, 911-12 (7th Cir. 2017). In making the decision whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). This analysis does not focus solely on the plaintiff's ability to try the case, but on his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Factors the Court must consider include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (holding that it is difficult to make an accurate determination regarding a plaintiff's ability to litigate the matter when case is still in "its infancy"); (2) plaintiff's submissions and pleadings, *Olson*, 750 F.3d at 712 (well-written pleadings and appearance that plaintiff can follow instructions indicate that counsel is not needed); (3) medical and mental health issues, *Olson*, 750 F.3d at 712; (4) transfer to a different facility, *Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013) (transfer to a different facility may impede plaintiff's ability to obtain evidence including affidavits/declarations from others to support his/her claim); (5) plaintiff's capabilities, including intelligence (IQ), literacy, degree of education, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (recruitment of counsel required for a blind inmate with a tenth-grade education); *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (enlistment of counsel was necessary for a functionally illiterate inmate); and (6) complexity of the case, *Dewitt*, 760 F.3d at 658; *Henderson*, 755 F.3d at 566; *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010); *Pruitt*, 503 F.3d at 655-56.

After considering the above factors, the Court declines to recruit new counsel for Plaintiff. First, Plaintiff has time and again shown himself to be incapable of cooperating—or even having civil relations—with his court-assigned attorneys. A review of the record reflects that Plaintiff was assigned *pro bono* counsel at the outset of this case. (R. 6, Order of August 29, 2016) (Kapala, J.). However, after counsel spent over two years gathering evidence and advocating for Plaintiff, the then-assigned magistrate judge granted counsel's motion to withdraw in view of Plaintiff's conflict with and threats against the attorneys and paralegals working for him. *See* R. 112, Minute Entry of July 17, 2018 (Johnston, J.); *see also* R. 114, Order of August 6, 2018 (Kapala, J.) (refusing to enlist new counsel due to Plaintiff's history of clashes with *pro bono* counsel in this and other cases).

In fact, in all four of Plaintiff's cases currently pending before the undersigned judge, he has either fired *pro bono* counsel or they have been relieved from assignment due to discord with Plaintiff. *See Boykin v. Enloe*, Case No. 16 CV 50160 (N.D. Ill.), R. 66, Order of August 1, 2018 (Johnston, Mag. J.); *Boykin v. Dixon Corr. Officer*, Case No. 16 CV 50371 (N.D. Ill.), R. 48, Minute Entry of November 16, 2018 (Johnston, Mag. J.); and *Boykin v. Dixon Corr. Officer*, Case No. 17 CV 50049 (N.D. Ill.), R. 42, Minute Entry of November 19, 2018 (Johnston, Mag. J.). Indeed, other judges of this district have similarly remarked on Plaintiff's uncalled-for dissatisfaction with his court-recruited attorneys in his prior litigation. *See, e.g., Boykin v. Cook County Dep't of Corrections*, No. 12 CV 4447 (N.D. Ill.), R. 66, Minute Entry of March 26, 2014 (Chang, J.) (allowing counsel to withdraw and deciding against recruiting new counsel upon finding, after holding a hearing, that "Plaintiff's counsel admirably fulfilled their professional duties and Plaintiff incorrectly and unreasonably believed otherwise…."); *see also Boykin v. Cook County Dep't of Corrections*, No. 15 CV 0061 (N.D. Ill.), R. 16, Minute Entry of June 12, 2015 (Chang, J.) (declining to recruit post-settlement assistance counsel in light of Boykin's "unreasonable conduct toward recruited counsel"). The Court is therefore reluctant to subject another attorney on this district's limited roll of *pro bono* attorneys to

Plaintiff's threats, mistreatment, and reports to the Illinois Attorney Registration and Disciplinary Commission.

In any event, Plaintiff has failed to persuade the Court that he is incapable of navigating this matter effectively on his own. As noted in preceding paragraphs, counsel already performed a great deal of the heavy lifting for Plaintiff in this matter, putting two years into evidence-gathering for him. Furthermore, Plaintiff should be able to easily respond to non-technical discovery questions concerning his medical treatment, mental health care, and living conditions at the Dixon Psychiatric Unit. The Court recognizes that Plaintiff has been diagnosed as seriously mentally ill, and that he is taking psychotropic medications. But he has had the wherewithal to bring forty-two lawsuits to date in this district alone, and to obtain settlements in many of those cases. Moreover, the "whole point" of psychiatric treatment is to allow the person taking medication to think and act rationally. *See Romanelli*, 615 F.3d at 849 (quoting with approval the district judge's conclusion that taking anti-depressants did not necessarily warrant the enlistment of an attorney). It should also be noted that the judge previously assigned to this case observed, on at least one occasion, that Plaintiff underscores his mental illness only when that designation suits him. *See Boykin v. KSB Hospital*, Case No. 18 CV 50371 (N.D. Ill.), R. 4, Order of December 10, 2018, at p. 3 (Kapala, J.). In this and other cases, Plaintiff has shown himself to be highly intelligent and a savvy litigator, notwithstanding his mental health issues and his protestations to the contrary. In addition, this lawsuit has already been pending for over three years; getting another attorney up-to-speed would only cause further delays.

For all of these reasons, Plaintiff's renewed motion for attorney representation is denied.

As a final concern, the Court instructs Plaintiff to refrain from filing any further letters or "Notices to the Court." If Plaintiff seeks Court action of any kind, then he must file a motion for the relief sought (such as "renewed motion for attorney representation"). Any motions should contain one, single request; the Court will not entertain scattershot motions.

Date: 6/25/2019                                   /s/  Thomas M. Durkin